TOPRO SERVICES, INC., a Colorado corporation, Plaintiff,

v.

McCARTHY WESTERN CONSTRUCTORS, INC., a foreign corporation, and The Federal Insurance Company, a foreign corporation, Defendants.

Civ. A. No. 93–K–1095.

United States District Court, D. Colorado.

Aug. 5, 1993.

Thomas C. Clark, Oviatt, Clark & Gross, Wheat Ridge, CO, for plaintiff.

Arlene V. Dykstra, Pryor, Carney & Johnson, Englewood, CO, for defendants.

## ORDER DENYING MOTION TO DISMISS OR TO TRANSFER VENUE

KANE, Senior District Judge.

This matter is before me on Defendant McCarthy Western Constructors, Inc. and The Federal Insurance Company's motion to dismiss for improper venue under 28 U.S.C. § 1406(a) or, in the alternative, to transfer venue under 28 U.S.C. § 1404(a). They argue that Plaintiff Topro Services Inc. was bound by a forum selection clause in its subcontract with McCarthy to bring this action in Arizona state court. Alternatively, they contend that I should transfer venue

because Arizona is clearly the more convenient and appropriate forum. I disagree and deny the motion.

In 1991, McCarthy was awarded a contract to upgrade a wastewater treatment plant for the City of Phoenix (the "Prime Contract"). Federal is McCarthy's surety on a performance and payment bond required under the Prime Contract. On October 9, 1991, McCarthy entered into a subcontract with Topro whereby Topro was to supply instrumentation and control equipment on the project (the "Subcontract"). When Topro and McCarthy were unable to resolve a dispute over whether Topro was to perform certain odor control work under the Subcontract, Topro filed this action in Colorado state court, which Defendants removed to federal court.

The Prime Contract between the City and McCarthy contains several provisions concerning subcontractors. Section 1.1.2 provides that the term "Contractor" applies equally to McCarthy and to any subcontractors unless the context required otherwise. Section 5.5.1 requires any subcontract to contain language binding the subcontractor to the requirements of the Prime Contract and to require the subcontractor assume the same obligations as McCarthy has to the City under the Prime Contract. Section 15.-6.1 contains a forum selection clause requiring any action under the Prime Contract to be brought in Arizona state court. Finally, Section 15.7.1 requires McCarthy to "insert provisions with the venue and service of process requirements of paragraph 15.1.6 and 15.6.1, respectively, in all subagreements, altering those paragraphs only to identify properly the contracting parties."[1]

The Subcontract between McCarthy and Topro, on the other hand, does not contain a forum selection clause. Defendants argue, however, that the Prime Contract, and in particular the forum selection clause, is incorporated by reference into the Subcontract. They note that the Subcontract defines the term "Contract Documents" to include the Prime Contract and includes the following language:

Subcontractor [Topro] binds itself to McCarthy for the performance of Subcontractor's Work in the same manner as McCarthy is bound to the Owner for such performance under McCarthy's contract with the Owner. McCarthy's contract with the Owner, excluding financial data, and all other Contract Documents listed in Exhibit 2 will be made available to Subcontractor upon Subcontractor's written request. In the case of conflict between this Agreement and the other Contract Documents, Subcontractor shall be bound by the more stringent requirement as determined by McCarthy.

Finally, the Subcontract contains an integration clause which provides that it "together with the Contract Documents as defined herein represent the entire and integrated agreement between the parties hereto."

Whether the Prime Contract, or any part of it, was incorporated by reference into the Subcontract is a question of law. Under Arizona law, which governs the Subcontract, to incorporate a document by reference, a contract must clearly evidence an intent that the document be made part of it, though no specific language is required. *See United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 681 P.2d 390, 410 (App. 1983). "A reference made for a particular purpose, which purpose is clear from the contract, will operate to incorporate the document only for that particular purpose." *Id.* 681 P.2d at 411. In cases where the determination whether a particular document is incorporated by reference depends on the exercise of "speculation, surmise or conjecture," a court need not rewrite the contract. *Id.* at 410.

The Subcontract contains no specific language incorporating terms of the Prime Contract in their entirety or the forum selection clause individually. The only provision that comes close is the language, quoted above, which binds Topro to the performance of "Subcontractor's Work," a defined term of the Subcontract, in the same manner as McCarthy is bound to the City to perform its "Work," a defined term of the Prime Con-

---

1. A later addendum to the Prime Contract changed the numbering of these paragraphs but did not materially alter their substance.

tract. The plain meaning of this language is to require Topro to adhere to same performance requirements as McCarthy must in completing its "Work."

Had McCarthy intended to incorporate by reference the entire Prime Contract, Article 15 of the Prime Contract dealing with dispute resolution, or simply the forum selection clause, this could have been easily accomplished with appropriate language. *Compare Sime Constr. Co. v. Washington Public Power Supply,* 28 Wash.App. 10, 621 P.2d 1299, 1302 (1980) (subcontract provided that "Subcontract documents include all the below listed items, all of which are incorporated herein and made part hereof by reference hereto.") In fact, McCarthy was required under the Prime Contract to include language in the Subcontract binding Topro to assume toward McCarthy "all the obligations" that McCarthy assumed toward the City, and to insert the specific venue and service provisions of Section 15 of the Prime Contract into the Subcontract, modifying the names of the parties as necessary. It did not do so. Therefore, McCarthy must be held to the plain meaning of the Subcontract as written. Accordingly, I conclude that the Arizona forum selection clause of the Prime Contract does not bind Topro.

Defendants alternatively move to transfer venue under 28 U.S.C. § 1404(a). Under this statute, I may transfer a case to any district where it might have been brought "[f]or the convenience of the parties and witnesses and in the interest of justice." Defendants have the burden of demonstrating that the existing forum is inconvenient. *See Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992).

Defendants argue that transfer is appropriate because the project is located in Arizona and many witnesses who are familiar with the project reside there. While this may be true, a substantial number, if not all, of Topro's witnesses reside in Colorado. In addition, this case is based on the parties' differing views of the scope of Topro's work under the Subcontract, an issue primarily of contract interpretation, and is not a dispute about the quality of Topro's work on the project itself. Consequently, I cannot conclude that balance tips in favor of disturbing Topro's choice of forum. *See id.*

IT IS ORDERED THAT Defendants' motion to dismiss pursuant to 28 U.S.C. § 1406(a), or in the alternative, to transfer pursuant to 28 U.S.C. § 1404(a) is DENIED.